☑ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
для the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
A GOOGLE SMARTPHONE CURRENTLY LOCATED )
AT THE ORANGE COUNTY SHERIFF'S OFFICE, )
HILLSBOROUGH, NORTH CAROLINA )

Case No. 1:23MJ370-1

FILED
JAN - 9 2024
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By_____

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Middle____ District of ____North Carolina____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before ____September 15, 2023____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Joe L. Webster____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 9/1/2023 4:53pm

*Judge's signature*

City and state: Durham, North Carolina

Hon. Joe L. Webster, U.S. Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

## Return

| Case No.: 1:23MJ370-1 | Date and time warrant executed: 9/4/23 @ 10:00am | Copy of warrant and inventory left with: N/A |
|---|---|---|

Inventory made in the presence of: N/A

Inventory of the property taken and name(s) of any person(s) seized:

Unable to access phone at this time. No data retrieved.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 1/02/2024

Executing officer's signature

Eric Nye  Special Agent FBI
Printed name and title

## ATTACHMENT A

### *Property to be searched*

The property to be searched is a Google smartphone, unknown model, light blue in color, recovered from TAILEI QI's person at the time of his arrest on August 28, 2023, (hereinafter the "SUBJECT DEVICE"). The SUBJECT DEVICE is currently located at the Orange County Sheriff's Office in Hillsborough, North Carolina.

The following is a photograph of the SUBJECT DEVICE:



This warrant authorized the forensic examination of the SUBJECT DEVICE for the purpose of identifying the electronically stored information described in Attachment B.

1

## ATTACHMENT B

*Property to be seized.*

All records on the SUBJECT DEVICE described in Attachment A that constitute evidence of a crime, contraband, fruits of crime, or other items illegally possessed, and property designed for use, intended for use, or used in committing a crime, in whatever form and however stored, regarding violations of 18 U.S.C. § 922(g)(5)(B), possession of a firearm and ammunition by an alien admitted to the United States under a nonimmigrant visa, and 18 U.S.C. § 1030(a)(2)(C), intentionally accessing a computer without authorization or exceeding authorized access to obtain information from a protected computer, committed by TALEI QI ("the Subject") in the form of:

A. Electronic documents, records, data, videos, photographs, text messages, and other electronic communications, from January 10, 2022, through August 28, 2023, regarding:

   a. firearms, ammunition, firearm magazines, firearms research, firearm and ammunition sales and purchases, and Internet searches for shooting ranges;

   b. other electronic devices that the SUBJECT DEVICE connected to or communicated with on the UNC computer system network or telephone network;

   c. the subject's immigration status and the subject's knowledge of his status;

   d. showing the Subject's intended use of firearms and/or ammunition;

   e. reflecting the Subject's motive for the use, possession, or intended use of the firearm and ammunition, and the shooting Z.Y.;

   f. showing the Subject's relationship with Z.Y.;

1

g. showing the motive for the Subject's unauthorized access of the other student's UNC account;

B. Electronic location data stored on the device that would indicate the location of the device and device network connection history, during the period from August 17, 2023 through August 28, 2023;

C. Evidence of who used, owned, or controlled the SUBJECT DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

D. Evidence of software, or the lack thereof, that would allow others to control the SUBJECT DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

E. Evidence of the attachment to the SUBJECT DEVICE of other storage devices or similar containers for electronic evidence;

F. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICE;

G. Passwords, encryption keys, and other access devices that are stored on the SUBJECT DEVICE that are necessary to access the SUBJECT DEVICE or contents stored on the SUBJECT DEVICE;

H. Records of or information about Internet Protocol addresses used by the SUBJECT DEVICE; and

2

I. Records of or information about the SUBJECT DEVICES's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses that pertain to the events of August 28, 2023 involving the shooting of Y.Z., and the unauthorized access of another student's UNC account on or about August 1, 2023.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

If, during the execution of this warrant, the government discovers materials that are potentially attorney-client privileged or subject to the work product doctrine ("protected materials"), the Prosecution Team will discontinue its review until the potentially protected materials have been segregated from other evidence obtained under this warrant. Prior to any further review of the identified potentially protected materials, the Government will notify the Court of the need to establish a court-approved process for review and filtering of the potentially protected materials.